UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROY A. DAY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00232-JAW |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO LIFT STAY AND MOTION FOR CLERK TO SERVE PARTIES**

A litigant files his third lawsuit in the United States District Court for the District of Maine against a Justice of the Maine Supreme Judicial Court, the Maine Supreme Judicial Court, the state of Maine, two individuals, their insurance company, an attorney who represented the insurance company in a prior dismissed lawsuit, and his own insurer, alleging claims arising out of a 2016 car crash. The Court reviews his suit under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), and after concluding that the action is frivolous or seeks monetary relief against defendants immune from such relief, dismisses it. Three of the defendants, the state of Maine, the Maine Supreme Judicial Court, and the Justice of the Maine Supreme Judicial Court, are immune from suit; three others of the defendants, the two individuals and their insurance company, are protected by the doctrine of res judicata; the seventh, the attorney who represented the individual's insurance company, is not a state actor subject to liability under 42 U.S.C. § 1983; and the eighth, the litigant's insurer is also not a state actor. Additionally, to the extent that the litigant brings state law

claims against his insurer, after the dismissal of his civil rights claims, the Court is without supplemental jurisdiction to hear those state law claims and venue in the District of Maine is improper. Now that the plaintiff has filed three unsuccessful lawsuits in this District and one unsuccessful lawsuit in the state of Maine court system, the Court asks the plaintiff to consider carefully before filing another lawsuit because filing restrictions may be in the offing under *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993).

## I. PROCEDURAL BACKGROUND

### A. The 2016 Federal Lawsuit

On April 29, 2016, Lorna R. Grey was involved in a motor vehicle accident with Roy A. Day's motor vehicle in the parking lot of the Hudson Library in the town of Hudson, county of Pasco, state of Florida. *See Day v. Grey*, 2:16-cv-275-JAW, *Compl.*, Attach. 2, Florida Traffic Crash Report (Apr. 29, 2016) (ECF No. 1). After the accident on June 3, 2016, Mr. Day filed a lawsuit against Lorna R. Grey, the driver; Kenneth Grey, her husband and a passenger in the Grey vehicle; GEICO General Insurance Company (GEICO), the Greys' automobile insurer; and 21st Century Centennial Insurance Company (21st Century), Mr. Day's automobile insurer. *Day v. Grey*, 2:16-cv-275-JAW, *Compl.* (ECF No. 1). On March 29, 2017, the Magistrate Judge recommended that the Court dismiss Mr. Day's Complaint without prejudice because he failed or refused to provide the Clerk of Court with the addresses for two of the Defendants in that case. *Recommended Dismissal* (ECF No. 23). Mr. Day objected to the recommended dismissal on April 4, 2017, *Pl.'s Obj. to the Recommended*

2

*Dismissal Order & Mot. to Vacate the March 29, 2017 "Thinly Disguised Final-Default Order"* (ECF No. 24), and on July 28, 2017, the Court affirmed the Magistrate Judge's dismissal without prejudice. *Order on Mot. to Stay and Affirming Dismissal of Compl.* (ECF No. 27). Mr. Day appealed that dismissal to the Court of Appeals for the First Circuit, *Pl.-Appellant's Notice of Appeal* (ECF No. 29) and on December 4, 2017, the First Circuit Court of Appeals affirmed the dismissal. *J.* (ECF No. 36). On December 27, 2017, the First Circuit issued its mandate. *Mandate* (ECF No. 37).

### B.  The 2017 Federal Lawsuit

On July 31, 2017, while his appeal of his 2016 lawsuit was pending, Mr. Day filed a second lawsuit in this Court. *Day v. Grey*, 2:17-cv-00286-JAW, *Compl.* (ECF No. 1). This 2017 lawsuit named the same defendants as the first and was based essentially on the same allegations. *Id.* On September 5, 2017, the Magistrate Judge stayed this case while Mr. Day's appeal of the dismissal of his 2016 lawsuit was pending in the First Circuit Court of Appeals. *Order Staying Case* (ECF No. 12). After the First Circuit issued its judgment and mandate affirming the dismissal of the 2016 lawsuit, the Magistrate Judge issued a report and recommended decision on February 8, 2018, in which he granted Mr. Day's motion for in forma pauperis status and recommended that Mr. Day be allowed to proceed with service of the Complaint upon each Defendant. *Order on Mots. for In Forma Pauperis Status and Serv. of Process and Recommended Decision on 28 U.S.C. § 1915(e)(2) Review* (ECF No. 14). On February 26, 2018, the Court affirmed the Magistrate Judge's recommended

decision, allowing Mr. Day's lawsuit to proceed against all four Defendants. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 16).

On May 1, 2018, 21st Century, *Mot. of Def., 21st Century Centennial Ins. Co., to Dismiss Pl.'s Compl* (ECF No. 30) (*21st Century Mot. to Dismiss*), and GEICO, Lorna Grey and Kenneth Grey moved to dismiss Mr. Day's Complaint. *Defs. Lorna Grey, Kenneth Grey, and GEICO General Ins. Co.'s Mot. to Dismiss Pl.'s Compl.* (ECF No. 32) (*Grey/GEICO Mot. to Dismiss*). On June 15, 2018, Mr. Day filed a motion for summary judgment against Defendants Lorna Grey, Kenneth Grey and GEICO. *Pl.'s Mot. for Summ. J. against Def. Lorna R. Grey, Def. Kenneth Grey, Def. GEICO General Ins. Co. (Counts One, Two Three, Four)* (ECF No. 40). The Grey/GEICO motion to dismiss was premised on the argument that Mr. Day had already unsuccessfully litigated this same claim in state of Maine court. The Court turns to that litigation.

**C.     The 2016 State of Maine Lawsuit**

When the Greys and GEICO moved to dismiss Mr. Day's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), they attached evidence of a lawsuit Mr. Day filed in Maine state court that the state court had dismissed with prejudice. On November 7, 2016, Roy A. Day, proceeding pro se, filed suit against Lorna and Kenneth Grey, GEICO General Insurance Company, and 21st Century Centennial Insurance Company in Cumberland County Superior Court. *Mot. to Dismiss*, Attach 2, *Ex. 1* at 1 (ECF No 32) *(Compl. in State Action)*. In his state court Complaint, Mr. Day alleged "negligence (with an overlay of fraud)," and claimed that he suffered damages from a motor vehicle accident involving the Greys that "arose out of a[]

4

vehicle accident which occurred on April 29, 2016, in Pasco County, Florida," that the accident took place "in the Hudson Library parking lot," and that the vehicles involved were his "2015 Chevrolet Spark" and the Greys' motor vehicle. *Id.* ¶¶ 1-8. In his state court Complaint, Mr. Day alleged that one of the Greys "was driving a vehicle in a willful, intentional, malicious, and 'cunning, deceptive, and misleading' (fraudulent) conduct at a high rate of speed . . . with a 'fit of rage,' to willfully, intentionally, and maliciously cause damage to 'specific vehicles' as a 'target.'" *Id.* ¶ 7. He also alleged that 21st Century insured his motor vehicle and that GEICO insured the Greys' motor vehicle. *Id.* ¶¶ 1, 2. On June 2, 2017, Lorna Grey, Kenneth Grey, and GEICO filed a motion to dismiss Mr. Day's state action. *Id.*, Attach. 3, *Ex. 2* (ECF No. 32) (*Mot. to Dismiss in State Action*).

On July 11, 2017,[1] then-Superior Court Justice Lance Walker granted the Defendants' motion and ordered "that all of the Plaintiff's claims as against Defendants Lorna Grey, Kenneth Grey, and GEICO General Insurance Company are Dismissed with Prejudice." *Id.,* Attach 4, *Ex. 3* (ECF No. 32) (*Order in State Action*).[2] On March 15, 2018, the Maine Supreme Judicial Court affirmed the judgments against Mr. Day. *Day v. Grey*, Law Court Docket No. Mem. 18-18 (Mar. 15, 2018).

---

[1] Dated July 10, 2017, Justice Walker's order was docketed July 11, 2017. *Order in State Action* at 1.
[2] Mr. Day appealed to the Maine Supreme Judicial Court. *See Day v. Grey*, Law Court No. Mem. 18-18 (Mar. 15, 2018). Mr. Day appealed Justice Walker's denial of his motion to amend his complaint, not the dismissal. *Id.* at 1 ("Day appeals only the court's denial of his motion to amend pursuant to Docket No. Cum-17-346"). The Maine Supreme Judicial Court concluded that Justice Walker did not abuse his discretion in denying Mr. Day's motion to amend and affirmed the judgments.

### D. The 2017 Federal Lawsuit (Cont.)

With this background, on January 31, 2019, the Court granted the Grey/GEICO motion to dismiss, concluding that his 2017 federal lawsuit against the Greys and GEICO was barred by the doctrine of res judicata. *Order Granting Mots. to Dismiss* at 1 (ECF No. 76). The Court also granted 21st Century's motion to dismiss because there was no legal basis for Mr. Day to proceed against 21st Century on either the breach of contract or fraud claims. *Id.* The Court dismissed as moot Mr. Day's motion for summary judgment. *Id.* at 5 n.4. On January 31, 2019, Mr. Day appealed this judgment to the Court of Appeals for the First Circuit, *Pl.-Appellant's Notice of Appeal* (ECF No. 78), and on October 28, 2019, the First Circuit affirmed the Court's January 31, 2019, order, dismissing the Day lawsuit. *J.* (ECF No. 86). On December 12, 2019, the Court received the First Circuit's mandate. *Mandate* (ECF No. 87).

### E. The 2018 Federal Lawsuit

On June 12, 2018, Mr. Day filed his third federal lawsuit in this Court. *Day v. State of Maine*, 2:18-cv-00232-JAW. Mr. Day listed as Defendants the state of Maine, the Maine Supreme Judicial Court, Ellen A. Gorman, Robert C. Hatch, and GEICO. *Id.*, *Compl.* (ECF No. 1). On June 12, 2018, Mr. Day filed a motion to proceed in forma pauperis and a motion to consolidate this case with *Day v. Grey*, 2:17-cv-00286-JAW. *Application to Proceed in District Ct. Without Prepaying Fees or Costs* (ECF No. 3); *Pl.'s Mot. to Consolidate* (ECF No. 4). On August 11, 2018, Mr. Day filed a motion to extend the time to serve the Defendants. *Pl.'s Mot. to Extend Time to Serve Defs.* (ECF No. 5). On August 8, 2018, the Magistrate Judge granted Mr. Day's

motion to extend, treating the motion as a motion to stay this case pending resolution of his appeal to the Court of Appeals for the First Circuit in *Day v. Grey*, 2:17-cv-00286-JAW, but mooted his motions for leave to proceed in forma pauperis and to consolidate. *Order* (ECF No. 6). On December 9, 2019, Mr. Day moved to lift the stay and for the Clerk to serve the parties in forma pauperis. *Pl.'s Mot. to Lift Stay and Pl.'s Mot. for Clerk to Serve Parties in a Forma Pauperis Mode* (ECF No. 7). Mr. Day's December 9, 2019 motion angrily accused the Court of failing to act on his motion to serve the Defendants and establish his in forma pauperis status and demanded that the Court lift the stay order. *Id.* at 1-4. On December 10, 2019, the Court issued an order, explaining to Mr. Day that because he had appealed the dismissal order in *Day v. Grey*, 2:17-cv-00286-JAW, and because the 2017 federal lawsuit had been consolidated (at his request) with the 2018 federal lawsuit, the Court was without jurisdiction to act on his pending motions until it received the First Circuit mandate, returning jurisdiction to this Court. *Order on Mot. to Lift Stay and Mot. for Clerk to Serve Parties* (ECF No. 8). On December 12, 2019, the Court received the First Circuit mandate in *Day v. Grey*, 2:17-cv-00286-JAW, and as of December 12, 2019, the Court could act on Mr. Day's motion to serve Defendants and motion for in forma pauperis status.

On December 14, 2019, Mr. Day filed an amended complaint, adding as defendants 21st Century, Lorna R. Grey, and Kenneth Grey. *First Am. Compl.* (ECF No. 9). On the same day, Mr. Day filed a variety of attachments to his amended complaint. *Additional Attachments* (ECF No. 10). On December 15, 2019, he filed a

7

first notice of filing and a second notice of filing. *Pl.'s First Notice of Filing* (ECF No. 11); *Pl.'s Second Notice of Filing* (ECF No. 12). Lastly, he filed a motion for sanctions against GEICO and 21st Century. *Pl.'s "Fourth" Mot. for Sanctions Under Fed. R. Civ. P. 11* (ECF No. 13). On December 17, 2019, Mr. Day filed an additional copy of his amended complaint, making no changes, *First Am. Compl.* (ECF No. 14) (*2018 Am. Compl.*),[3] as well as a third notice of filing, which attached nine letters addressed to the Clerk of Court. *Pl.'s Third Notice of Filing* (ECF No. 15).

## II. THE ALLEGATIONS IN THE COMPLAINT

Based principally on 42 U.S.C. § 1983, Mr. Day's 2018 Complaint accuses the state of Maine, the Maine Supreme Judicial Court, Justice Ellen Gorman of that Court, Attorney Robert Hatch, and GEICO of engaging in a conspiracy to prevent Mr. Day "from having his '**basic rights,' and Constitutional Rights, and Civil Rights**, in the State of Maine, and to prevent Plaintiff from obtaining Plaintiff's rights as a citizen-attorney and a pauper, specifically, the right to a fair and equitable trial by jury that is based on the facts, law, and evidence." *2018 Am. Compl.* ¶ 4. Mr. Day names Justice Gorman as the "principal co-conspirator," and says that she "entered orders ('cunningly, misleadingly, and deceptively' – fraud – intrinsic and extrinsic) that were **not judicial acts**, but were based on '**prior agreement**' and '**personal motivation**,' as the principal co-conspirator to the Justices sitting on the Maine Supreme Judicial Court (aka *MACHINATION COURT OF LAW*)." *Id.* Mr. Day accuses Attorney Hatch, who represented GEICO in the state litigation, of being

---

[3] The Court accepts Mr. Day's Amended Complaint, now the operative complaint, pursuant to Federal Rule of Civil Procedure 12(a)(1).

a co-conspirator with Justice Gorman. *Id.* ¶ 5. Finally, he accuses GEICO of being a co-conspirator with Justice Gorman and Attorney Hatch. *Id.* ¶ 6. He variously demands between one million and fifty billion dollars in compensation for mental pain and suffering. *Id.* ¶¶ 31, 38, 86.

### III. LEGAL STANDARD

Congress has made in forma pauperis status available under 28 U.S.C. § 1915(a)(1). However, section 1915(e)(2)(B) provides:

> [T]he court shall dismiss the case at any time if the court determines that
> . . .
> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Section 1915 "authorizes federal courts to dismiss actions, sua sponte, where an IFP plaintiff lacks an arguable basis for a claim either in law or in fact." *McLarnon v. United States*, No. 09-cv-10049-RGS, 2009 WL 1395462, at *2 (D. Mass. May 19, 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)); *see also Cassell v. Osborn*, 23 F.3d 394, 1994 WL 159424, at *2 (1st Cir. Apr. 26, 1994) (unpublished table decision) (same).

### IV. DISCUSSION

The Court concludes that Mr. Day's Complaint against the state of Maine, the Maine Supreme Judicial Court, Justice Gorman, Attorney Hatch, Mr. Grey, Ms. Grey, 21st Century, and GEICO are frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B). The claims against the state of Maine, the Maine Supreme Judicial

9

Court and Justice Gorman are barred by governmental and judicial immunity. Neither the state of Maine nor the Maine Supreme Judicial Court is a viable defendant in a § 1983 claim because the United States Supreme Court has held that, in enacting § 1983, Congress did not "sweep away the immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 345 (1979). "The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving the parties with claims against a State to present them, if the State permits, in the State's own tribunals[.]" *Alden v. Maine*, 527 U.S. 706, 746 (1999) (quoting *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 39 (1994)). "[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Bergemann v. R.I. Dep't of Envtl. Mgmt.*, 665 F.3d 336, 339 (1st Cir. 2011) (quoting *Va. Office for Prot. And Advocacy v. Stewart*, 563 U.S. 247, 254 (2011)).

As a justice of the Maine Supreme Judicial Court, Justice Gorman is absolutely immune from civil lawsuit. "A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). Mr. Day attempts to end-run Justice Gorman's absolute immunity by alleging that she was acting by "'**prior agreement**' and '**personal motivation**' and '**outside the authority of Judge Gorman**' (**not a judicial act**)." *2018 Am. Compl.* ¶ 4. But the gravamen of his claim is that she acted as a co-conspirator by ruling on his cases. *Id.* Accepting Mr. Day's allegations, he is making a claim against Justice Gorman for "performing a core judicial function requiring an independent exercise of judgment . . . ." *Harper v. Begley*, 37 F.3d 1484, 1994 WL 577488, at *2

(1st Cir. Oct. 19, 1994) (unpublished table decision). She is absolutely immune from such a claim. Nor will the Court credit "conclusory allegations of conspiracy" because such allegations are "insufficient to state a section 1983 claim." *McLarnon*, 2009 WL 1395462, at *3 (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)).

Mr. Day's reiterated claims against GEICO and Mr. and Ms. Grey are barred by the doctrine of res judicata. The state of Maine Superior Court dismissed with prejudice Mr. Day's claims against GEICO, Mr. Grey, and Ms. Grey on July 11, 2017. He appealed that dismissal to the Maine Supreme Judicial Court and lost on March 15, 2018. Despite the state court dismissal, Mr. Day sued GEICO, Mr. Grey, and Ms. Grey again in this Court and on January 31, 2019, this Court dismissed his claim against GEICO, Mr. Grey, and Ms. Grey on res judicata principles. He appealed that dismissal to the Court of Appeals for the First Circuit and the First Circuit affirmed the dismissal. Mr. Day may not merely restate his earlier-dismissed claims against GEICO, Mr. Grey, and Ms. Grey as §1983 claims and avoid the doctrine of res judicata. As the Court pointed out to Mr. Day on January 31, 2019, the doctrine of res judicata focuses on whether the "same transaction" or "nucleus of operative facts" is being alleged. *Day v. Grey*, 2:17-cv-00286-JAW, *Order Granting Mots. to Dismiss* at 11 (quoting *Norton v. Town of Long Island*, 2005 ME 109, ¶ 18, 883 A.2d 889). Here, Mr. Day is alleging the same "aggregate of connected operative facts," *id.*, that have been litigated earlier. His claims against GEICO, Mr. Grey, and Ms. Grey are barred.

11

With the elimination of Mr. Day's claims against the state of Maine, the Maine Supreme Judicial Court, Justice Gorman and GEICO, only his claims against Attorney Hatch, who successfully represented GEICO in Mr. Day's state action, and 21st Century, his insurer, remain. Conducting the same analysis under § 1915, these claims too must fail. The Court reviewed Mr. Day's Complaint and it appears that the only specific, non-conclusory allegation that Attorney Hatch acted in concert with Justice Gorman is that he did not file any responsive pleadings in opposition to Mr. Day's pleadings in the Law Court, and yet Mr. Day's suit was dismissed. *Compl.* ¶¶ 14-22.

First, Mr. Day's allegation against Attorney Hatch is based on something Attorney Hatch did not do: namely, file an opposing memorandum with the Maine Supreme Judicial Court. It is difficult to see how Attorney Hatch can be deemed to have conspired by failing to argue against Mr. Day's position. It is wholly implausible for Mr. Day to claim that Attorney Hatch participated in the conspiracy by not participating against him in his appeal.

Second, Mr. Day's allegation is bottomed on the idea that Attorney Hatch did something wrong by successfully defending GEICO against his lawsuit. This is a non-starter. Attorney Hatch did what attorneys are licensed and hired to do: practice law. That he successfully defended his client in the Maine state court system does not form a proper basis for a conspiracy allegation.

Third, Mr. Day ignores that the Law Court routinely and properly denies relief to appellants in cases where the appellee stands on its lower court submissions.

Maine Rule of Appellate Procedure 7(e) states the consequence for an appellee's failure to file a brief: "If an appellee fails to comply with this Rule, and if oral argument is scheduled, the appellee will not be heard at oral argument except by permission of the Law Court." The effect of declining to submit a brief, in other words, is not that the appellant automatically receives the relief he seeks, but rather that the Law Court considers the merits of the appeal without the benefit of an opposing brief and, if oral argument is scheduled, the appellee may not be heard without the Law Court's permission. In this case, the Law Court reviewed Justice Walker's decision for abuse of discretion and found no such abuse. *Day v. Grey*, Law Court Docket No. Mem. 18-18 (Mar. 15, 2018). Attorney Hatch's failure to submit an opposition to Mr. Day's appeal does not of itself render a properly decided lower court decision improper.

Finally, § 1983 does not permit a plaintiff to "pursue a federal civil rights action against an attorney for conduct occurring when the attorney was performing a 'lawyer's traditional functions,'—that is, representing a client in court proceedings." *Ezra v. Leifer*, No. CV 18-871-MWF (KS), 2018 WL 4191420, at *4 (C.D. Cal. Aug. 30, 2018) (compiling cases); *see also Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986) (stating that even when a private attorney has been appointed by the court, he or she does not act under color of state law as required to support a section 1983 action).

In short, Mr. Day's claim against Attorney Hatch is premised on a decision by Attorney Hatch that fell squarely within a lawyer's traditional functions, and without

13

any non-conclusory allegations of conspiracy between Attorney Hatch and Justice Gorman, Attorney Hatch is not a state actor subject to § 1983 liability. Mr. Day's claim against Attorney Hatch is barred for a number of reasons.

The same logic applies to Mr. Day's claim against 21st Century. Mr. Day does not allege any act of conspiracy between 21st Century and Justice Gorman or indeed any of the additional defendants. 21st Century is a private insurer, as Mr. Day acknowledges, *2018 Am. Compl.* ¶ 74, and therefore is not a state actor subject to § 1983 liability.

Additionally, to the extent Mr. Day is asserting a breach of contract claim against 21st Century, *id.* ¶¶ 73-86, the Court is without jurisdiction to hear this claim. Mr. Day's asserted basis for this Court's jurisdiction was 28 U.S.C. § 1343, *see id.* ¶¶ 10-11, which grants the district courts jurisdiction to hear claims brought under 42 U.S.C. 1985 or to redress the deprivation of civil rights. The Court is dismissing Mr. Day's claims brought under 42 U.S.C. §§ 1983 and 1985, and so is without jurisdiction to hear Mr. Day's state law breach of contract claim. *See* 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"). Furthermore, with the dismissal of the state of Maine, the Supreme Judicial Court of Maine, Justice Gorman, Ms. Grey, and Mr. Grey (the Maine Defendants), even if Mr. Day could successfully invoke this Court's diversity jurisdiction over his claim against 21st Century, venue would not lie in this Court because, in the absence of the Maine Defendants, Mr. Day's claim lacks any nexus to Maine. Mr. Day's breach of contract

claim against 21st Century, which he alleges to be "a Pennsylvania Corporation (was a Delaware corporation – 'shell game', with its principal place of business in Pennsylvania (was Delaware – 'shell game')," *2018 Am. Compl.* ¶ 74, is based on an accident which took place in Florida, *id.* ¶ 43, and Mr. Day is himself a citizen of Florida. *Id.* ¶ 1. Venue, therefore, is improper in the District of Maine under 28 U.S.C. § 1391(b).

V.  **CONCLUSION**

The Court concludes that Roy A. Day's lawsuit against the state of Maine, the Maine Supreme Judicial Court and Justice Ellen Gorman of the Maine Supreme Judicial Court is barred because a private individual may not sue a state governmental entity unless the state consents to the lawsuit and because the Maine Supreme Judicial Court and Justice Gorman are entitled to judicial immunity. The Court concludes that Roy A. Day's lawsuit against GEICO, Mr. Grey, and Ms. Grey is barred by the doctrine of res judicata and that on its face, the claims under 42 U.S.C. § 1983 against GEICO, Mr. Grey, and Ms. Grey are frivolous. The Court concludes that Roy A. Day's lawsuit against Attorney Robert Hatch is barred because it does not state any nonconclusory acts of conspiracy between Mr. Hatch and Justice Gorman, and therefore cannot state a claim under 42 U.S.C. § 1983 because Mr. Hatch is not a state actor. The Court concludes that Roy A. Day's lawsuit against 21st Century is barred because 21st Century is not a state actor subject to liability under 42 U.S.C. § 1983, because the Court is without jurisdiction to rule on Mr. Day's state law claims, and because venue in the District of Maine is improper.

15

Finally, the Court observes that Mr. Day has more than had his day in court in Maine on the consequences of the April 29, 2016 motor vehicle accident. He has litigated the claim in the state of Maine court system, including an unsuccessful appeal to the Maine Supreme Judicial Court, and he has now filed three lawsuits in federal court, each a different version of the same basic complaint: *Day v. Grey*, No. 2:16-cv-00275-JAW, *Day v. Grey*, 2:17-cv-00286-JAW, and *Day v. State of Maine*, 2:18-cv-00232-JAW. As the United States Supreme Court observed, "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Mr. Day should consider carefully whether he wishes to file a fourth lawsuit in this District. If he does so and if the Court concludes that the lawsuit is frivolous, filing restrictions against Mr. Day "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

The Court DISMISSES with prejudice Roy A. Day's Complaint (ECF No. 9).

The Court DISMISSES as moot Roy A. Day's "Fourth" Motion for Sanctions (ECF No. 13).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of December, 2019